

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

'AGGONER CARR
ATTORNEY GENERAL

November 26, 1963

Honorable Doug Crouch
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. C-184

RE: Whether the housing for the elderly known as Lake Crest Estates owned and operated by Christian Homes, Inc., a non-profit corporation is exempt from ad valorem taxes.

Dear Mr. Crouch:

You have requested our opinion on the above referenced subject, and in connection therewith have given us the following facts:

Lake Crest Estates is a housing development composed of 343 two-bedroom houses, together with a community center and a chapel. Title to the entire project is vested in a Texas non-profit corporation known as Christian Homes, Inc. The initial directors of the corporation were pastors of five local churches who agreed to sponsor the project. There are no members of the corporation and any vacancies on the Board are filled by vote of the remaining directors.

Funds to construct the project were obtained by a bank loan backed by a one hundred per cent guarantee from the Federal Housing Administration. The corporation has entered into a regulatory agreement with the Federal Housing Administration. Tenancy is not limited to persons 62 years of age or over (aged person as defined by 12 USC 1401q) but they are to be given priority of opportunity to rent the units. Basic rental is $107.50 per month on a lease basis and is charged all tenants under 62 years of age and those over 62 who are able to pay. Rent under the By-laws of the corporation may be reduced by the Board of Directors for senior citizens in need  The only services provided by the corporation other than the housing unit is free use of the community center with its swimming pool, recreation and meeting rooms, and chapel. These facilities are used free of charge by those over 62. Those tenants under 62 may use these facilities by paying a charge of $5.00 per month. The corporation has no sources of income other than the rental from the housing units; income, if any, from the community center, and possible contributions from sponsors or others.

-892-

As of August 23, 1963, only twelve of the 343 units are occupied, as set out below:

    (a)   Four (4) units are occupied by employees of the corporation as part of their salary.

    (b)   One (1) unit is occupied by a senior citizen (over 62) at a reduced rental.

    (c)   Seven (7) units are occupied by individuals under 62 years of age, who are not retired, and who pay the full rental of $107.50 per month.

The Federal Housing Administration has, for the present, waived the requirement that priority of opportunity be given to those 62 years of age or over and the project is leasing without regard to age or financial condition. All tenants must enter into a written lease with the corporation for a minimum period of six (6) months.

You have asked the following questions:

"Is the housing for the elderly project known as Lake Crest Estates owned and operated by Christian Homes, Inc., a non-profit corporation, exempt from ad valorem taxes as an institution of public charity?"

"Can portions of a qualifying project that are vacant because no aged person has applied to occupy them be rented or leased to others without the institution losing its exemption; and, can such an institution furnish quarters to its employees and their families, on the premises, as part of their compensation or salary, without losing its exempt status?"

Article VIII, Section 2 of the Constitution of the State of Texas has empowered the Legislature to exempt from taxation certain enumerated properties among which are ". . . institutions of purely public charity." In pursuance to this particular constitutional grant, the Legislature enacted Section 7, Article 7150, Vernon's Civil Statutes, which effectuates exemption to the extent of the exemptive powers conferred by Article VIII, Section 2.

We are of the opinion that under the stated facts in this case, Lake Crest Estates cannot qualify so as to be exempt from ad valorem taxes.

A building is not exempt from taxation unless it is both owned and used exclusively by an institution of purely public charity. City of Houston vs. Scottish Rite Benevolent Association, 111 Texas 191, 230 S.W. 978 (1921). The Court, in the above cited case, held that an institution was one of "purely public charity" where first it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefited persons, indefinite in numbers and in personalities, by preventing them through absolute gratuity, from becoming burdens to society and the State. The Supreme Court also held that a non-profit organization whose activities were only partly charitable could not qualify as an institution of purely public charity.

In the situation before us here, the facts show that this property does not meet the qualifications set forth in the above cited case. It is shown that the property is leased indiscriminately to persons of any age irrespective of whether they are in need of financial assistance.

You are, therefore, advised that in our opinion the Lake Crest Estates owned and operated by Christian Homes, Inc., is not exempt from ad valorem taxes.

## S U M M A R Y

Under the stated facts the property involved in this opinion is not at the present time being used exclusively by an institution of purely public charity, and is, therefore, not exempt from ad valorem taxes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

BY: J. H. Broadhurst
J. H. Broadhurst
Assistant Attorney General

JHB/ja

APPROVED:
OPINION COMMITTEE
W. V. Geppert  Chairman
Arthur Sandlin
Ernest Fortenberry
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone